UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOCAL 553, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>     Plaintiff/Respondent,<br><br>-against-<br><br>UNITED METRO ENERGY CORPORATION; UNITED APOLLO PETROLEUM TRANSPORTATION,<br><br>     Defendants/Petitioners. | **MEMORANDUM AND ORDER**<br><br>Case No. 23-CV-2219 (FB) (RML) |

*Appearances*:
For the Plaintiff:
JAE W. CHUN
Friedman & Anspach
1500 Broadway, 23rd Floor
New York, NY 10036

For Defendants
ANA GETIASHVILI
JONATHAN D. FARRELL
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Ave
Mineola, NY 11501

**BLOCK, Senior District Judge:**

Petitioner United Metro Energy Corp. ("United") petitions this Court to confirm an arbitrator's February 3, 2023 award (the "Award") and dismiss the Complaint in the above-captioned suit, brought by Plaintiff-Respondent Local 553, International Brotherhood of Teamsters ("Local 553"). We grant Employer's unopposed petition in full.

Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H.*

*Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed" so long as there exists "a barely colorable justification for the outcome reached" by the arbitrator. *Id*. If a petition to confirm is unanswered, as here, the Second Circuit advises district courts to treat the unanswered petition "as an unopposed motion for summary judgment." *Id*. As such, the Court may not confirm the Award "without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial" and that they are entitled to judgment as a matter of law. *Id*.

United has met its burden and the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id*. Prior to issuing the Award, the arbitrator held a hearing and determined that United was bound to a Collective Bargaining Agreement and a supplemental 2017 Memorandum of Understanding regarding the selection and payment of drivers for retail delivery work, and that United did not violate the latter agreement.

Where an arbitrator's award "draws its essence from [a] collective bargaining agreement," *Saint Mary Home, Inc. v. Service Emp. Int'l Union*, 116 F.3d 41, 44 (2d Cir. 1997) (cleaned up), the court must affirm the award so long as the arbitrator's decision is "plausibly grounded in the parties' agreement,"

*Wackenhut Corp. v. Amalgamated Local 515*, 126 F.3d 29, 32 (2d Cir. 1997). The Award here draws its essence from the Collective Bargaining Agreement, known as the "Master Contract," and an attendant 2017 Memorandum of Understanding, which governed United's obligation to provide wages and benefits commensurate with those of the Master Contract to certain drivers. Specifically, the arbitrator concluded that the 2017 Memorandum of Understanding did not require United to pay all retail delivery drivers in accordance with rates set out in the Master Contract, only that five of them who did engage in retail work receive higher pay.

The Court finds no genuine dispute as to any part of the Award, nor does it identify any aspect which contradicts public policy; it is therefore confirmed in full. Local 553's Complaint is accordingly dismissed.

For the foregoing reasons, the Court grants United's petition in full.

**SO ORDERED.**

                                                                                                        /S/ Frederic Block  
                                                                                                       FREDERIC BLOCK  
                                                                                                       Senior United States District Judge

Brooklyn, New York  
June 30, 2023